UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61196-CIV-SINGHAL

ALINSSON GUILLEN OCHOA,

      Petitioner,

v.

Warden, BROWARD TRANSITIONAL
CENTER, *et al.*,

      Respondents.

_____/

## **ORDER**

**CHARACTERISTIC** of the undersigned's upbringing, surrounded by law-abiding immigrants who left oppressive conditions in search of a rule-following citizenry in a country that offered a better life, there was one maxim that rang true above all others.  One respected and followed his parents even when they were wrong.

Today that same principle applies with the concept of vertical precedent.  Despite the superior, well thought out plain meaning analysis of the dissenting judge in *Hernandez Alvarez v. Warden, Federal Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026) (Lagoa, J.), this Court is duty bound to follow the majority opinion authored by its parent court.  The Eleventh Circuit ruled that aliens, like Petitioner, who are detained within the country rather than upon arrival at the border, are entitled to a bond hearing under 8 U.S.C. § 1226.

This Court has authority and jurisdiction to grant writs of habeas corpus when aliens are unlawfully held in immigration detention.  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).  Under Eleventh Circuit precedent, Petitioner is being

held in violation of the Immigration and Nationality Act.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. To the extent Petitioner seeks an individualized bond hearing, the Petition for Writ of Habeas Corpus is **GRANTED**;

2. The government is **ORDERED** to give Petitioner an individualized bond hearing no later than **Monday, May 18, 2026**;

3. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of May 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

2